UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE DANIELSON,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE HUETHER,<br><br>Defendant. | 4:18-CV-04039-RAL<br><br><br>ORDER DENYING<br>MOTION TO AMEND |

On December 19, 2018, this Court entered an Opinion and Order Granting in Part Defendants' Motion to Dismiss. Doc. 22. In that 44-page Opinion and Order this Court explained why pro se Plaintiff Bruce Danielson had a claim under 42 U.S.C. § 1983 for alleged First Amendment retaliation against former Sioux Falls Mayor Defendant Michael Huether and why Danielson had stated no viable claims against other Defendants he named—David Pfeifle, Marty Jackley, Heather Hitterdal, City of Sioux Falls, State of South Dakota, and John Doe—for alleged civil conspiracy and alleged discriminatory treatment of Danielson. Doc. 22.

This Court entered a Rule 16 Scheduling Order and then at Danielson's request a First Amended Rule 16 Scheduling Order setting a May 27, 2019 deadline on any motions to amend or add parties. Doc. 30. On May 29, 2019, Danielson filed a Motion to Amend the Complaint, Doc. 31, naming all of the same Defendants that this Court had dismissed— David Pfeifle, Marty Jackley, Heather Hitterdal, City of Sioux Falls, State of South Dakota, and John Doe—and attaching a proposed 92-page Amended Complaint. Docs. 31, 31-2. Then, on May 30, 2019,

1

Danielson filed a Motion and Brief to Amend the First Amended Complaint, this time with an attached 167-page Second Amended Complaint seeking to add still further parties and claims. Docs. 32, 32-2. Danielson also filed a Motion and Brief to Join Parties on May 30, 2019. Doc. 33.

Although leave to amend the complaint typically is freely given, whether to permit amendment of the complaint or addition of parties is committed to the court's discretion. Popoalii v. Corr. Med. Serv., 512 F.3d 488, 497 (8th Cir. 2008) (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)); see Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend if there has been undue delay, bad faith, or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Popoalii, 512 F.3d at 497. Danielson's amendment could be denied as tardy, albeit by just three calendar days, and undue delay. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (requiring good cause for delay when party files a motion to amend after a deadline in a scheduling order for amending pleadings). Danielson after all has not come upon any recently discovered information triggering his amended and second amended complaint or meriting adding parties, but is simply trying to add back parties—plus more parties—and claims that this Court dismissed.

The more compelling ground on which to deny Danielson's motion to amend, however, is futility of the amendment. A proposed amendment to a pleading can be denied if it could not withstand a Rule 12(b)(6) motion to dismiss. Humphreys v. Roche Biomedical Lab, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989). This Court explained at length why Danielson's claims positing a conspiracy against him or for a RICO violation or for Monell liability could not withstand dismissal. Simply by amplifying his past

2

allegations and naming more city officials Danielson does not thereby justify having this Court reverse itself. This Court has allowed Danielson to proceed with the arguably far-fetched claim that former mayor Huether retaliated against Danielson for Danielson's exercise of free speech by, among other things, striking Danielson violently in a public setting. Merely because such a claim survives dismissal should not have emboldened Danielson to seek to claim, as he does now, that persons other than Danielson allegedly were ill treated too. Danielson has no standing to assert claims for others. Barrows v. Jackson, 346 U.S. 249, 255 (1953). This Court took 44 pages to explain why only the claims against Huether survived dismissal and refers the parties back to that analysis.

For good cause, it is hereby

ORDERED that the Motion to Amend Complaint, Doc. 31; the Motion to Amend the First Amended Complaint, Doc. 32; and the Motion to Join Parties, Doc. 33, are denied.

DATED this 26th day of August, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE