UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE DANIELSON,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE HUETHER,<br><br>Defendant. | 4:18-CV-04039-RAL<br><br>ORDER GRANTING MOTION TO QUASH SUBPOENAS |

In December 2018, this Court entered an Opinion and Order Granting in Part Defendants' Motion to Dismiss. Doc. 22. In that 44-page Opinion and Order this Court explained why pro se Plaintiff Bruce Danielson had a claim under 42 U.S.C. § 1983 for alleged First Amendment retaliation against former Sioux Falls Mayor Defendant Michael Huether and why Danielson had stated no viable claims against other Defendants he named—David Pfeifle, Marty Jackley, Heather Hitterdal, City of Sioux Falls, State of South Dakota, and John Doe—for alleged civil conspiracy and alleged discriminatory treatment of Danielson. Doc. 22.

On December 27, 2019, Huether filed a motion to quash subpoenas Danielson served on non-parties Greg Neitzert, Stacy Kooistra, and Shawn Pritchett. Doc. 52. Neitzert is an elected member of the Sioux Falls City Council and maintains a website with the address www.sfmeetings.org. Doc. 54 at ¶¶ 1–2. Although the website used to be open to the public, Neitzert installed a login wall in July 2019, in part because he no longer has time to maintain the site. Doc. 54 at ¶ 4. All of the information available on Neitzert's website is publicly available

1

on the official website for the City Sioux Falls. Doc. 54 at ¶ 3. Stacy Kooistra is the City Attorney for Sioux Falls while Shawn Pritchett is the City's Finance Officer.

The subpoena to Neitzert lists fifteen subpoena production topics, including "Documentation of all identities, such as IP address or user ID or email address, who either did, or were authorized to, or attempted to access the website www.sfmeetings.org from April 14th, 2015 to present including metadata identities as required to establish relationships to identify users;" "Any communications with any persons referencing either directly or indirectly the website www.sfmeetings.org;" and "Any communications with any person referencing an actual or potential campaign contribution to candidate Greg Neitzert, future political roles for Greg Neitzert, or desire to contribute to or support a campaign by Greg Neitzert as candidate for political office." Doc. 53-1 at 9–10. The subpoenas served on Kooistra and Pritchett are identical. They list twenty-nine production topics including "All physical assault or stalking complaints by city employees during the tenure of Mike Huether and the outcome;" "All documents pertaining to policies governing the ownership of intellectual property created as a result of City employment including ownership of letters, records, emails, legal records, notes, patents, calculations and other intellectual property;" and "Copies of any communications, including metadata and contents, with member [sic] of the Attorney General's office or DCI Agents regarding" thirteen different people from April 14th, 2015 to November 10th, 2015. Doc. 53-2 at 8–10.

Huether argues that the subpoena to Neitzert should be quashed in its entirety because the production topics are burdensome and irrelevant to the issues remaining before the Court. Kooistra

and Pritchett make this same argument about production topics 4, 5, 6, 9, 10, 11, 12, 13, 18, 19, and 29.[1]

Danielson has failed to respond to the motion to quash within the twenty-one day period, which is reason enough to grant the motion. See D.S.D. Civ. LR 7.1(B). However, this Court also agrees with the arguments in Huether's brief that the Neitzert subpoena and certain topics in the Kooistra and Pritchett subpoenas are unduly burdensome and irrelevant. See Fed. R. Civ. P. 45(d)(3) (stating that district courts must quash subpoenas that subject a person to undue burden); Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925–27 (8th Cir. 1999).

For good cause, it is hereby

ORDERED that Huether's Motion to Quash Subpoenas, Doc. 52, is granted. The Neitzert subpoena is quashed in its entirety while the Kooistra and Pritchett subpoenas are quashed as to production topics 4, 5, 6, 9, 10, 11, 12, 13, 18, 19, and 29.

DATED this 22nd day of January, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

---

[1] Kooistra and Pritchett have responded and produced documents under all the other topics except topic 21. They intend to respond to topic 21 once Danielson stipulates to a protective order.

3